## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SKYLINE DESIGN, INC. an Illinois Corporation, | |
| *Plaintiff,* | CASE NO. FILED: MARCH 21, 2008 |
| v. | 08CV1656   RCC |
| CARVART GLASS, INC., a New York corporation, and RG GLASS CREATIONS, INC. a New York corporation. | JUDGE GUZMAN |
| | MAGISTRATE JUDGE COX |
| *Defendants.* | |

### VERIFIED COMPLAINT

**NOW COMES** the Plaintiff, SKYLINE DESIGN, INC., an Illinois corporation ("SKYLINE"), by and through its attorneys, FUCHS & ROSELLI, LTD., and as and for *Verified Complaint* ("COMPLAINT") as and against Defendants, CARVART GLASS, INC., a New York Corporation ("CARVART") and RG GLASS CREATIONS, INC. a New York Corporation ("RG GLASS") (CARVART and RG GLASS referred to collectively as "DEFENDANTS" wherever applicable), states as follows:

### JURISDICTIONAL STATEMENT

1.      This COMPLAINT arises from CARVART and RG GLASS'S unauthorized and improper use of SKYLINE's federally registered copyright on its original design of a three-dimension, two-sided decorative architectural glass etching which it labeled and registered as "Sateen" ("SATEEN").

2.      SKYLINE is an Illinois corporation with its principal place of business located at 1240 N. Homan Ave., Chicago, Illinois.

3.      CARVART is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

4.    RG GLASS is a corporation organized and existing under the law of the State of New York with its principal place of business in New York, New York. Upon information and belief, RG GLASS is a subsidiary of CARVART and purchaser and distributor of CARVART's glass designs.

5.    The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 & 1338, 17 USCA §101 et. seq., and, with respect to certain claims, 28 U.S.C. §1367.

6.    Venue is proper in this forum pursuant to 28 U.S.C. §1400(a).

## ALLEGATIONS COMMON TO ALL COUNTS

### The Sateen Design and Copyright

7.    SKYLINE is in the business of, among other things, creating and designing unique glass etchings.

8.    SKYLINE created a two-sided decorative architectural glass etching which it labeled "Sateen" ("SATEEN") in 2003.

9.    SKYLINE spent a great deal of time and money in the creation and development of its original design of SATEEN.

10.    SKYLINE incurred a great deal of expense in promoting the SATEEN.

11.    SKYLINE obtained a Certificate of Registration ("CERTIFICATE") for the SATEEN from the United States Copyright Office on May 9, 2006. A copy of the CERTIFICATE is attached hereto as **Exhibit A**.

12.    The CERTIFICATE is current and valid.

13.    SKYLINE has the exclusive right to use, sell and distribute its SATEEN.

14.    SKYLINE has continuously manufactured the SATEEN since its creation in 2003 and

continuing since its registration.

15.     SKYLINE has the exclusive rights to utilize and license the SATEEN in the United States, which includes the right to sue for infringement.

16.     SKYLINE has invested substantial effort over a long period of time, including the expenditure of substantial sums of money, to develop goodwill in its designs and copyrights, and to cause consumers throughout the United States to recognize its SATEEN as its own distinct and original design.

17.     Upon information and belief, CARVART improperly and without authority caused to have created patterned designs identical to the SATEEN. One such known design is called 3147 ("3147"). A copy of CARVART'S design known as 3147 is attached hereto as **EXHIBIT B**.

18.     Upon information and belief, RG GLASS, as CARVART'S subsidiary, purchased and distributed 3147 to third parties for profit for itself and/or CARVART.

## Correspondences between the Parties

19.     On June 15, 2007, counsel for SKYLINE sent a letter to CARVART advising of its having learned that CARVART was or was intending to violate SKYLINE'S CERTIFICATE of the SATEEN by use of a design that duplicates that of the SATEEN. A copy of the June 15, 2007 letter is attached hereto as **EXHIBIT C**.

20.     In the June 15, 2007 letter, SKYLINE notified CARVART "to immediately cease and desist manufacturing or selling a product which infringes on SKYLINE'S copyright." *See* **EXHIBIT C**.

21.     As of the filing of this COMPLAINT, CARVART has not responded to SKYLINE'S letter of June 15, 2007.

### COUNT I
### VIOLATION OF U.S. COPYRIGHT ACT
### (CARVART)

22.     SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully set forth as paragraphs 1 – 21 of Count I.

23.     Defendant CARVART is engaged in the business of custom glass manufacture and design.

24.     CARVART is in the same industry as SKYLINE.

25.     Upon information and belief, CARVART improperly and without authority caused to be created patterned designs identical and bearing a likeness thereof to the SATEEN.

26.     CARVART improperly and without authority caused to have created at least one design which is called 3147 which is virtually identical to the SATEEN.

27.     CARVART knew its design for the 3147 was identical to that of the SATEEN.

28.     CARVART knew at the time that it prepared 3147 and any other design which is a duplication or reproduction of the SATEEN or bears any likeness thereof that it would be infringing on the SATEEN.

29.     CARVART does not refer to SKYLINE as the owner of the copyright to the design of the 3147 or any other patterned design by CARVART which is a duplication or reproduction of the SATEEN or bears any likeness thereof.

30.     CARVART has engaged in the business of selling SATEEN under a different name of its own creation.

31.     By selling the identical, copyrighted design, CARVART is infringing on SKYLINE'S CERTIFICATE and rights under the Copyright Act.

32.     Upon information and belief, CARVART has created designs in addition to 3147 which are reproductions, duplications or bear likeness to the SATEEN and is manufacturing the designs within the United States.

33.     Upon information and belief, CARVART has created designs in addition to 3147 under various additional pattern codes which are reproductions, duplications or bear likeness to the SATEEN and is selling them in and outside the United States.

34.     The 3147 has been sold within the United States and upon information and belief is being sold outside the United States.

35.     At no time has SKYLINE granted a license for the creation, use or sale of the SATEEN to CARVART.

36.     CARVART has not requested a license for the use of the design.

37.     CARVART has not paid SKYLINE for the use of the design.

38.     SKYLINE holds a valid copyright for the SATEEN.

39.     SKYLINE has publicized and made the SATEEN design known in the industry.

40.     Without the consent of SKYLINE and in complete disregard of SKYLINE's copyright and CERTIFICATE, CARVART has infringed and is infringing SKYLINE's copyright in the SATEEN by creating designs which are in any way reproductions, duplications or bear any likeness thereof to the SATEEN and offering the designs for sale.

## INJUNCTIVE RELIEF

41.     CARVART is in direct competition with SKYLINE with respect to the creation of architectural glass etching designs that are reproductions, duplications or bear likeness to the SATEEN.

42.     CARVART is in direct competition with SKYLINE by selling designs that are reproductions, duplications or bear likeness to the SATEEN, including but not limited to 3147, to potential customers of SKYLINE and offering the designs as original works of CARVART.

43.     CARVART does not refer to SKYLINE as the copyright holder of 3147.

44.     The unauthorized and infringing use by CARVART of the SATEEN will, unless enjoined, cause irreparable harm, damage, and injury to SKYLINE.

45.     The infringement of SKYLINE's copyright is presumed to cause irreparable harm, damage and injury to SKYLINE unless all such wrongful and illegal acts of CARVART are immediately enjoined.

46.     CARVART, by its unauthorized appropriation and use of SKYLINE's original architectural glass etching design, is engaging in acts of unfair competition, unjust enrichment.

47.     CARVART, by its unauthorized appropriation and use of SKYLINE's original architectural glass etching design, is engaging in acts of wrongful deception of the purchasing public and unlawful trading on SKYLINE's goodwill and the public acceptance of SKYLINE's original architectural glass etching design.

48.     The United States Copyright Act, 17 U.S.C. §502 allows for injunctive relief to prevent and restrain a copyright infringement.

## MONETARY DAMAGES

49.     As a direct and proximate result of CARVART's infringement of the copyrighted SATEEN, SKYLINE has sustained actual damages as defined in the Copyright Act of the loss of income and profits from the sale of the 3147 and/or any other design identical in likeness to the SATEEN.

50.     As a direct and proximate result of CARVART's infringement of the copyrighted SATEEN, CARVART obtained profits from the wrongful infringement and use and sale of SKYLINE's copyrighted SATEEN.

51.     As a direct and proximate result of CARVART's infringement of the copyrighted SATEEN, SKYLINE will continue to sustain monetary damages and losses.

52.     As a direct and proximate result of CARVART's infringement of the copyrighted SATEEN, CARVART has wrongfully obtained and retained profits from the sale of the SATEEN to third parties, in violation of the Copyright Act.

53.     The United States Copyright Act, 17 U.S.C. §504 allows for monetary relief for copyright infringement in the form of damages and profits.

54.     The United States Copyright Act, 17 U.S.C. §505 allows for attorney's fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff, SKYLINE DESIGN, respectfully prays this Honorable Court enter judgment in its favor and find that:

(A)     CARVART, its agents, employees, successors and assigns, be preliminarily enjoined and thereafter permanently enjoined from using, constructing, producing, preparing, offering to sell, or selling 3147 or any other architectural glass etching design identical or bearing any likeness to the SATEEN;

(B)     CARVART, its agents, employees, successors and assigns, be ordered to deliver under oath, to be impounded during the pendency of this action, all articles alleged to infringe SKYLINE's copyrighted architectural glass etching design called the SATEEN;

(C)     CARVART, its agents, employees, successors and assigns, be ordered to deliver under oath for destruction all infringing blueprints, photocopies, plans and other means for making such infringing copies;

(D)     And find that CARVART has infringed SKYLINE's copyrighted SATEEN;

(E)     And find that CARVART be ordered to pay to SKYLINE all damages suffered by SKYLINE due to CARVART's unlawful acts as well as all profits which CARVART has made from such infringing acts, and damages that include SKYLINE's costs and expenses;

(F)     That SKYLINE be granted an Accounting of the costs, sale, net profits and gross profits associated with the making and sale of any design which is a duplication, reproduction or bears likeness to the SATEEN, including but not limited to 3147; and

(G)     That SKYLINE be granted any other relief this Court deems fair and just.

## COUNT II
### (in the alternative)
### UNJUST ENRICHMENT
#### (CARVART)

55.     SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully set forth as paragraphs 1 – 21 of Count II.

56.     Upon information and belief, CARVART has benefited from its wrongful and unauthorized use of SKYLINE's SATEEN in the creation and sale of designs which are reproductions, duplications or bear any likeness thereof to the SATEEN, including but not limited to its 3147.

57.     CARVART has not entered into a license agreement for such use, paid any royalty or other fees to SKYLINE in return for that benefit.

58.     CARVART's failure to compensate SKYLINE constitutes unjust enrichment and has damaged SKYLINE.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count II of its COMPLAINT and any other relief it deems fair and just.

## COUNT III
### VIOLATION OF U.S. COPYRIGHT ACT
#### (RG GLASS)

59.     SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully set forth as paragraphs 1 – 21 of Count III.

60.    Upon information and belief, Defendant RG GLASS is a subsidiary of CARVART and engaged in the business of purchasing and distributing CARVART'S custom glass designs.

61.    Upon information and belief, RG GLASS is in the same industry as SKYLINE.

62.    Upon information and belief, RG GLASS improperly and without authority purchased and distributed CARVART'S patterned designs identical and bearing a likeness thereof to the SATEEN.

63.    Upon information and belief, RG GLASS improperly and without authority caused to have purchased and distributed on behalf of CARVART at least one design which is called 3147 which is virtually identical to the SATEEN.

64.    Upon information and belief, RG GLASS knew that CARVART'S design for the 3147 was identical to that of the SATEEN.

65.    Upon information and belief, RG GLASS knew at the time that it purchased and distributed CARVART'S 3147 and any other design which is a duplication or reproduction of the SATEEN or bears any likeness thereof that it would be infringing on the SATEEN.

66.    Upon information and belief, RG GLASS does not refer to SKYLINE as the owner of the copyright to the design of the 3147 or any other patterned design by CARVART which is a duplication or reproduction of the SATEEN or bears any likeness thereof.

67.    Upon information and belief, RG GLASS is engaged in the business of purchasing, selling, and distributing the SATEEN under a different name of CARVART'S own creation.

68.    By selling the identical, copyrighted design, RG GLASS is infringing on SKYLINE'S CERTIFICATE and rights under the Copyright Act.

69.    Upon information and belief, RG GLASS has purchased, sold, and/or distributed designs in addition to 3147 which are reproductions, duplications or bear likeness to the SATEEN and is purchasing and distributing the designs within the United States.

70.    Upon information and belief, RG GLASS has purchased and distributed designs in addition to the 3147 under various additional pattern codes which are reproductions, duplications or bear likeness to the SATEEN and is purchasing and distributing them in and outside the United States.

71.    The 3147 has been sold within the United States and upon information and belief is being sold outside the United States.

72.    At no time has SKYLINE granted a license for the creation, use or sale of the SATEEN to RG GLASS.

73.    RG GLASS has not requested a license for the use of the design.

74.    RG GLASS has not paid SKYLINE for the use of the design.

75.    SKYLINE holds a valid copyright for the SATEEN.

76.    SKYLINE has publicized and made the SATEEN design known in the industry.

77.    Without the consent of SKYLINE and in complete disregard of SKYLINE's copyright and CERTIFICATE, RG GLASS has infringed and is infringing SKYLINE's copyright in the SATEEN by purchasing and distributing designs which are in any way reproductions, duplications or bear any likeness thereof to the SATEEN and offering the designs for sale.

**INJUNCTIVE RELIEF**

78.    Upon information and belief, RG GLASS, as CARVART's subsidiary, is in direct competition with SKYLINE with respect to the purchasing and distribution of architectural glass etching designs that are reproductions, duplications or bear likeness to the SATEEN.

79.    Upon information and belief, RG GLASS is in direct competition with SKYLINE by purchasing, selling, and/or distributing designs that are reproductions, duplications or bear likeness to the SATEEN, including but not limited to 3147, to potential customers of SKYLINE and offering the

designs as original works of CARVART.

80.    RG GLASS does not refer to SKYLINE as the copyright holder of 3147.

81.    The unauthorized and infringing use by RG GLASS of the SATEEN will, unless enjoined, cause irreparable harm, damage, and injury to SKYLINE.

82.    The infringement of SKYLINE's copyright is presumed to cause irreparable harm, damage and injury to SKYLINE unless all such wrongful and illegal acts of RG GLASS are immediately enjoined.

83.    RG GLASS, by its unauthorized appropriation and use of SKYLINE's original architectural glass etching design, is engaging in acts of unfair competition, unjust enrichment.

84.    RG GLASS, by its unauthorized appropriation and use of SKYLINE's original architectural glass etching design, is engaging in acts of wrongful deception of the purchasing public and unlawful trading on SKYLINE's goodwill and the public acceptance of SKYLINE's original architectural glass etching design.

85.    The United States Copyright Act, 17 U.S.C. §502 allows for injunctive relief to prevent and restrain a copyright infringement.

## MONETARY DAMAGES

86.    As a direct and proximate result of RG GLASS' infringement of the copyrighted SATEEN, SKYLINE has sustained actual damages as defined in the Copyright Act of the loss of income and profits from the sale of the 3147 and/or any other design identical in likeness to the SATEEN.

87.    As a direct and proximate result of RG GLASS' infringement of the copyrighted SATEEN, upon information and belief, RG GLASS, obtained profits for itself and/or on behalf of CARVART from the wrongful infringement and use and sale of SKYLINE's copyrighted SATEEN.

88.    As a direct and proximate result of RG GLASS' infringement of the copyrighted SATEEN, SKYLINE will continue to sustain monetary damages and losses.

89.    As a direct and proximate result of RG GLASS' infringement of the copyrighted SATEEN, RG GLASS has wrongfully obtained and retained profits for itself and/or on behalf of CARVART from the sale of the SATEEN to third parties, in violation of the Copyright Act.

90.    The United States Copyright Act, 17 U.S.C. §504 allows for monetary relief for copyright infringement in the form of damages and profits.

91.    The United States Copyright Act, 17 U.S.C. §505 allows for attorney's fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff, SKYLINE DESIGN, respectfully prays this Honorable Court enter judgment in its favor and find that:

(A)    RG GLASS, its agents, employees, successors and assigns, be preliminarily enjoined and thereafter permanently enjoined from using, constructing, producing, preparing, offering to sell, selling or distributing 3147 or any other architectural glass etching design identical or bearing any likeness to the SATEEN;

(B)    RG GLASS, its agents, employees, successors and assigns, be ordered to deliver under oath, to be impounded during the pendency of this action, all articles alleged to infringe SKYLINE'S copyrighted architectural glass etching design called the SATEEN;

(C)    RG GLASS, its agents, employees, successors and assigns, be ordered to deliver under oath for destruction all infringing blueprints, photocopies, plans and other means for making such infringing copies;

(D)    And find that RG GLASS has infringed SKYLINE'S copyrighted SATEEN;

(E)    And find that RG GLASS be ordered to pay to SKYLINE all damages suffered by SKYLINE due to RG GLASS' unlawful acts as well as all profits which RG GLASS has made for itself and/or for the benefit of CARVART from such infringing acts, and damages that include SKYLINE's costs and expenses;

(F)    That SKYLINE be granted an Accounting of the costs, sale, net profits and gross profits associated with the making and sale of any design which is a duplication, reproduction or bears likeness to the SATEEN, including but not limited to 3147; and

(G)    That SKYLINE be granted any other relief this Court deems fair and just.

## COUNT IV
## (in the alternative)
## UNJUST ENRICHMENT
### (RG GLASS)

92.    SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully set forth as paragraphs 1 – 21 of Count IV.

93.    Upon information and belief, RG GLASS has benefited from its wrongful and unauthorized use of SKYLINE's SATEEN in the purchasing, sale and/or distribution of designs which are reproductions, duplications or bear any likeness thereof to the SATEEN, including but not limited to CARVART'S 3147.

94.    RG GLASS has not entered into a license agreement for such use, paid any royalty or other fees to SKYLINE in return for that benefit.

95.    RG GLASS' failure to compensate SKYLINE constitutes unjust enrichment and has damaged SKYLINE.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count IV of its COMPLAINT and any other relief it deems fair and just.

## COUNT V-
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT
### (CARVART)

96.    SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully set forth as paragraphs 1 – 21 of Count V.

97.    In carrying out the acts described above, CARVART has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count V of its COMPLAINT and any other relief it deems fair and just.

### COUNT VI
### (in the alternative)
### COMMON LAW UNFAIR COMPETITION
### (CARVART)

98.    SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully set forth as paragraphs 1 – 21 of Count IV.

99.    The acts described above reflect CARVART'S plan and actions by which it knowingly, without authority, consent or privilege, created, placed on the marketplace and sold a product identical to the copyrighted SATEEN.

100.    CARVART's conduct dilutes the value of the SATEEN, designed and created by SKYLINE's substantial expenditure of money, effort and service.

101.    Such conduct constitutes unfair competition with SKYLINE in violation of the common law of the State of Illinois.

102.    This unfair competition is causing monetary damages to be suffered by SKYLINE.

103.    Unless CARVART's continuing unfair competition is restrained and enjoined by this Court, SKYLINE will continue to suffer irreparable harm and injury.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count VI of its COMPLAINT and any other relief it deems fair and just.

## COUNT VII-
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT
### (RG GLASS)

104.    SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully set forth as paragraphs 1 – 21 of Count VII.

105.    In carrying out the acts described above, RG GLASS has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count VII of its COMPLAINT and any other relief it deems fair and just.

## COUNT VIII
## (in the alternative)
## COMMON LAW UNFAIR COMPETITION
### (RG GLASS)

106.    SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully set forth as paragraphs 1 – 21 of Count VIII.

107.    The acts described above reflect RG GLASS' plan and actions by which it knowingly, without authority, consent or privilege, purchased, sold, and/or distributed a product identical to the copyrighted SATEEN.

108.    RG GLASS' conduct dilutes the value of the SATEEN, designed and created by SKYLINE's substantial expenditure of money, effort and service.

109.    Such conduct constitutes unfair competition with SKYLINE in violation of the common law of the State of Illinois.

110.    This unfair competition is causing monetary damages to be suffered by SKYLINE.

111.   Unless RG GLASS' continuing unfair competition is restrained and enjoined by this Court, SKYLINE will continue to suffer irreparable harm and injury.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count VIII of its COMPLAINT and any other relief it deems fair and just.

## COUNT IX-
## ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (CARVART)

112.   SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully set forth as paragraphs 1 – 21 of Count IX.

113.   In carrying out the acts described above, CARVART has sought, among other trade practices, (a) to pass off its 3147 as its own creation and design, (b) to pass off any of its other designs it may have created which are duplicates, reproductions or bear a likeness to the SATEEN as its own creation and design, (c) to cause a likelihood of confusion or misunderstanding as to the original source, creator, designer and owner of the copyrighted SATEEN, and (d) to cause a likelihood of confusion or misunderstanding as to its affiliation, connection or association with SKYLINE.

114.   CARVART's actions therefore violate the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., and constitute willful violations of that Act.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count IX of its COMPLAINT and any other relief it deems fair and just.

## COUNT X-
## ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (RG GLASS)

115.   SKYLINE repeats and restates paragraphs 1 through 21 of this COMPLAINT as if fully

set forth as paragraphs 1 – 21 of Count X.

116.    In carrying out the acts described above, RG GLASS has sought, among other trade practices, (a) to pass off 3147 as CARVART'S own creation and design, (b) to pass off any of CARVART'S other designs CARVART may have created which are duplicates, reproductions or bear a likeness to the SATEEN as its own creation and design, (c) to cause a likelihood of confusion or misunderstanding as to the original source, creator, designer and owner of the copyrighted SATEEN, and (d) to cause a likelihood of confusion or misunderstanding as to its affiliation, connection or association with SKYLINE.

117.    RG GLASS' actions therefore violate the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., and constitute willful violations of that Act.

WHEREFORE, for the foregoing reasons, SKYLINE respectfully requests this Honorable Court enter judgment in its favor on Count X of its COMPLAINT and any other relief it deems fair and just.

Respectfully Submitted,

SKYLINE DESIGN, INC. *Plaintiff*


/s/ Richard C. Perna

By:    _____

One of Its Attorneys


Richard C. Perna - ARDC# 06193236
Tejal S. Desai- ARDC#6280834
FUCHS & ROSELLI, LTD.
440 West Randolph Street, Suite 500
Chicago, Illinois 60606
Tel: (312) 651-2400
Fax: (312) 651-2499


17

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this *Verified Complaint* are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

SKYLINE DESIGN, INC.,
an Illinois corporation,

By: _____
Charles Rizzo, its President

SUBSCRIBED AND SWORN
to before me this 19 day of March 2008.

_____
Notary Public

"OFFICIAL SEAL"
RITA M. OVEREND
Notary Public, State of Illinois
My Commission Expires 04/22/11



# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Form VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1–364–683

EFFECTIVE DATE OF REGISTRATION

MAY 09 2006
Month    Day    Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** Title of This Work ▼ **Sateen**

NATURE OF THIS WORK ▼ See instructions

**Decorative Architectural Glass Etching**

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼ **Weaves + Textures**

| If published in a periodical or serial give: Volume ▼ | Number ▼ | Issue Date ▼ | On Pages ▼ |
|---|---|---|---|
| Contract Magazine    Volume 45, Issue 5 | | May 2003 | Masthead page 16 |

**2**

**a** NAME OF AUTHOR ▼ **Skyline Design, Inc.**

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR Citizen of **USA**
Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes    ☒ No
Pseudonymous?    ☐ Yes    ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☒ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☒ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes    ☐ No
Pseudonymous?    ☐ Yes    ☐ No

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed **2003**
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
approx.
Month **May**    Day **1**    Year **2003**
**United States of America**    Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

**Skyline Design, Inc.**

**1240 North Homan
Chicago, IL 60651**

APPLICATION RECEIVED
MAY 09 2006
ONE DEPOSIT RECEIVED
MAY 09 2006
TWO DEPOSITS RECEIVED
FUNDS RECEIVED
DO NOT WRITE HERE
FOR COPYRIGHT OFFICE USE ONLY

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages



EXHIBIT
A

\* Amended by C.O. per authority of Steve
Maynard via e-mail dated 7/17/06.

| EXAMINED BY | | FORM VA |
| CHECKED BY | | |
| ☑ CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

**5**

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼      **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼      **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Steven A. Maynard            300 West Grand # 412
Conduit Technology Partners, LLC      Chicago, IL 60610

b

Area code and daytime telephone number    ( 312 ) 203 - 2898      Fax number   ( 312 ) 661 - 0197

Email   smaynard@conduittech.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶ { ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   author, Skyline Design, Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Charles Rizzo            Date March 30, 2006

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address: | Name ▼ |
| | Steven A. Maynard |
| | Number/Street/Apt ▼ |
| | 300 West Grand # 412 |
| | City/State/ZIP ▼ |
| | Chicago, IL 60610 |

**9**

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000   Web Rev: June 2002   ⊕ Printed on recycled paper           U.S. Government Printing Office: 2003-496-605/60,029



3147

CARVART®

180 Varick Street, Suite 1316, New York, NY 10014
T 212.675.0030  888.278.4452
F 212.675.8175
www.carvart.com

**EXHIBIT**

tabbies

B

# FUCHS & ROSELLI, LTD.

Chicago • Wheaton

A T T O R N E Y S   A T   L A W

Suite 500
440 West Randolph Street
Chicago, Illinois 60606

Telephone 312.651.2400
Facsimile 312.651.2499

Suite A
400 South Knoll Street
Wheaton, Illinois 60187

Telephone 630.668.5050
Facsimile 630.690.8104

June 15, 2007

Richard C. Perna
Direct: 312.651.2409
Rperna@frltd.com

**_Via Facsimile and Certified Mail_**

Mr. Ed Geyman
Carvart
180 Varick Street
Suite 1218
New York, New York 10014

**Re:**  USE OF DESIGNS LICENSED TO SKYLINE DESIGN, INC.

Dear Mr. Geyman:

Please be advised that we are counsel to Skyline Design, Inc.

It has come to our attention that your company may have or is currently manufacturing a product identical to a product copyrighted by Skyline entitled Sateen. I have attached a copy of the Certificate of Registration and a photo of the product for your review. If you are manufacturing or selling a product which infringes on Skyline's copyright, we hereby demand that you immediately cease and desist such activity.

Please contact me to discuss your compliance with Skyline's demand.

Very truly yours,

FUCHS & ROSELLI, LTD.

Richard C. Perna

RCP/rmo
Enclosure
cc: Skyline Design, Inc.

