UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SKYLINE DESIGN, INC., ) | |
| ) | |
| Plaintiff, ) | 08 CV 1656 |
| ) | JUDGE GUZMAN |
| v. ) | MAGISTRATE JUDGE COX |
| ) | |
| CARVART GLASS, INC. and RG GLASS ) | |
| CREATIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Defendants, Carvart Glass, Inc. ("Carvart") and RG Glass Creations, Inc. ("RG Glass"), by their attorneys, Michael R. Turoff, Arnstein & Lehr LLP, of counsel, move to dismiss this action pursuant to Rule 12(b)(2) and (3), F.R.Civ.P., for lack of personal jurisdiction and improper venue. In the alternative, defendants move to dismiss Counts V and VII of the Complaint, under Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted, and to transfer the remaining counts to the U.S. District Court for the Southern District of New York, where personal jurisdiction exists over the defendants and where venue is proper, in accordance with 28 U.S.C. §§ 1391(b), 1400(a) and 1404(a).

1.  Plaintiff Skyline Design, Inc. ("Skyline") is an Illinois corporation with headquarters in Chicago (Complaint ¶ 2). In its Complaint, Skyline alleges ownership of copyright in a particular etching design for architectural glass and contends that defendants have infringed that copyright, and have committed acts of unfair competition, by manufacturing and selling architectural glass bearing a similar etching design.

2.  Plaintiff does not allege any facts establishing *in personam* jurisdiction over the

defendants in this case.  As demonstrated by the memorandum in support of this motion and the Affidavits of Edward Geyman and Wendy E. Miller attached thereto, both of the defendants are New York corporations located in New York City.  They do not conduct business in Illinois and have no offices, employees, or property in Illinois.  All of the alleged acts giving rise to this lawsuit occurred in New York, and none occurred in Illinois.  Therefore, this Court lacks *in personam* jurisdiction over the defendants, venue is improper, and the Complaint should be dismissed under Rules 12(b)(2) and (3), F.R.Civ.P.

3. In the alternative, if plaintiff's claims are to survive in any respect, they should be transferred to the U.S. District Court for the Southern District of New York, where jurisdiction exists over both defendants and where venue is proper.  28 U.S.C. §§ 1400(a), 1406(a).  The Southern District of New York would be a more convenient forum to resolve this dispute, in the interests of the parties and witnesses and in the interest of justice.  28 U.S.C. § 1404.  All of the activities giving rise to this action occurred in New York, the defendants, their witnesses and third party witnesses are located there, and any injunction that possibly could issue would be enforced there.  Plaintiff also has a sales representative in Brewster, New York, which is within about 60 miles of both Southern District of New York courthouses.

4. Defendants also move to dismiss Counts V and VII of the Complaint, with prejudice, pursuant to Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted.  By those Counts, plaintiff seeks relief under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.  However, plaintiff has failed to plead all of the elements of that claim, including that the accused conduct occurred in Illinois and implicates consumer protection concerns.  Indeed, plaintiff cannot make those allegations because none of the defendants' alleged conduct occurred in Illinois, and the parties in this case

deal with professional architects and contractors, not consumers.

5. Defendants' Memorandum in support of this motion, and the Affidavits of Edward Geyman and Wendy E. Miller attached thereto, are incorporated herein by reference.

WHEREFORE, defendants request an Order dismissing the Complaint for lack of personal jurisdiction and improper venue. In the alternative, defendants request an Order dismissing Counts V and VII of the Complaint with prejudice and transferring the remaining Counts to the U.S. District Court for the Southern District of New York.

                                                    CARVART GLASS, INC. and
                                                    RG GLASS CREATIONS, INC.


                                                  By: _____
                                                        One of its Attorneys

Michael R. Turoff (ARDC # 02870258)
Raechelle Delarmente (ARDC # 06292683)
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100

OF COUNSEL:

Wendy E. Miller
Gary J. Gershik
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 278-0400

8105386.1