**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SKYLINE DESIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 CV 1656 |
| v. | ) | JUDGE GUZMAN |
| | ) | MAGISTRATE JUDGE COX |
| CARVART GLASS, INC. and RG GLASS | ) | |
| CREATIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT**
**OF THEIR MOTION TO DISMISS**

Defendants, Carvart Glass, Inc. ("Carvart") and RG Glass Creations, Inc. ("RG Glass"), have moved to dismiss this action under Rule 12(b)(2) and (3), F.R.Civ.P., for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this case to the U.S. District Court for the Southern District of New York, where jurisdiction exists and venue is proper, and for the aggregate convenience of the parties and witnesses.

Plaintiff has failed to allege any facts establishing *in personam* jurisdiction over the defendants. The evidence submitted by defendants with this motion confirms that personal jurisdiction is lacking. Both defendants are New York corporations and are located in New York City. They have no offices, employees, property, or other contacts with Illinois. All of the alleged acts giving rise to this copyright infringement and unfair competition action occurred in New York. None of the activities occurred in Illinois. Therefore, there is no general or specific jurisdiction over either defendant, venue is improper, and the Complaint should be dismissed.

If, however, plaintiff's claims are to survive in any respect, they should be transferred to the U.S. District Court for the Southern District of New York, where jurisdiction exists over both

1

defendants and where venue is proper.  28 U.S.C. §§ 1400(a), 1406(a).  The Southern District of

New York also would be a more convenient forum to resolve this dispute, under 28 U.S.C. §

1404.  All of the activities giving rise to this action occurred in New York; the defendants, their

witnesses and several third party witnesses are located there; and any injunction that possibly

could issue would be enforced there.

Defendants also move to dismiss Counts V and VII of the Complaint, under Rule

12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted.  By those

Counts, plaintiff seeks relief under the Illinois Consumer Fraud and Deceptive Business

Practices Act, 815 ILCS 505/1 *et seq*.  However, plaintiff has failed to plead all of the elements

of that claim, and particularly that the accused conduct occurred within Illinois and implicates

consumer protection concerns.   Indeed, plaintiff cannot make those allegations because the

accused conduct occurred in New York and did not involve consumers.

I.    <u>BACKGROUND</u>

A.    <u>The Parties.</u>

Plaintiff Skyline Design, Inc. ("Skyline") is an Illinois corporation with headquarters in

Chicago (Complaint ¶ 2).  Skyline has sales representatives around the country including in

Brewster, New York (Miller Aff. ¶ 2).[1]  Skyline creates architectural glass (Complaint ¶ 7).

Architectural glass is a building material used to form windows, external glass walls, internal

glass partitions and decorative architectural features.  Often, architectural glass is etched with a

pattern or design for privacy or decoration.  (Geyman Aff. ¶ 2).

Defendant Carvart also is engaged in the business of designing and manufacturing

---

[1] The Affidavits of Edward Geyman and Wendy E. Miller are attached to this
memorandum as Exhibits A and B, respectively.

architectural glass.   Carvart markets its products to architects and designers, who specify architectural glass for their clients.   When a Carvart product is specified by an architect or designer, Carvart makes the product and sells it to the contractor handling the job.   Carvart has a very high end client base, and its architectural glass can be seen in institutions such as Columbia University and New York University and in high-end office buildings and retail stores such as Sony and Christian Dior (Geyman Aff. ¶¶ 2, 3).

Carvart is a New York corporation with two places of business, both in New York City. It has administrative offices and a showroom in Manhattan, and a design office and factory in Brooklyn, New York.   All of Carvart's records are located in its New York City offices and all of its business is conducted from there.   (Geyman Aff. ¶¶ 4, 6).   Carvart has 21 employees.   All of those employees work in Carvart's New York City offices and live in New York City and its surrounding suburbs.   Carvart has independent sales representatives in Boston, Seattle and Philadelphia.   (Geyman Aff. ¶ 5).

Carvart does not conduct business in Illinois.   It has no office or mailing address, no telephone number and no bank account in Illinois.   It has no employees or sales representatives in Illinois and no real estate there.   Carvart is not licensed or qualified to do business in Illinois. (Geyman Aff. ¶ 6).   Carvart has sold its products to Illinois customers only twice in the last three years, and those sales constitute only about 0.0005% of Carvart's total sales.   None of those sales involved the design accused of infringement in this lawsuit ("the Accused Design").[2]   (Geyman Aff. ¶ 7).

RG Glass, formed in 1998, is a metal and glass subcontractor.   Working with architects, general contractors and designers, it subcontracts the purchase, delivery and installation of

---

[2] Carvart also attended one trade show in Chicago, in 2002 (Geyman Aff. ¶ 8).

architectural metal and glass installments.  (Geyman Aff. ¶ 9).  Like Carvart, RG Glass has a very high end clientele.  Some of its recent installations include the Brooklyn Museum, the renovation of the Plaza Hotel in New York City, the Lever House restaurant in the historic Lever House office building on Park Avenue, and numerous high end retail stores such as Christian Dior and Louis Vuitton.  (Geyman Aff. ¶ 9).

RG Glass is a New York corporation with administrative offices in Manhattan, and shipping and receiving and inventory space in Brooklyn.  All of RG Glass's records are located in its New York City offices and all of its business is conducted from there.  (Geyman Aff. ¶¶ 10, 13).  RG Glass has 18 employees, nine in the Manhattan and Brooklyn offices and nine field installers.  All of those employees live in New York City and its surrounding suburbs.  RG Glass does not have any out-of-state sales representatives.  (Geyman Aff. ¶ 12).

RG Glass does not conduct business in Illinois.  It has no office or mailing address, no telephone number and no bank account in Illinois.  It has no employees in Illinois and no real estate there.  It is not licensed or qualified to do business in Illinois.  RG Glass has never had any customers in Illinois and has not performed any work there.  (Geyman Aff. ¶ 13).  RG Glass has, at times, made purchases from Illinois vendors.  The first such purchase occurred in 2006 and, since then, purchases from Illinois vendors have comprised only 0.0003% of RG Glass's total purchases.  None of those purchases involved the Accused Design.  (Geyman Aff. ¶ 14).

B.     Plaintiff's Allegations.

Skyline alleges that defendants made and sold an architectural glass product bearing an etching pattern (the "Accused Design") that infringes a copyright owned by Skyline, and which defendants allegedly passed off as their own.  Skyline also claims to have suffered damages by that activity.  Significantly, Skyline does not allege that the Accused Design was made, used or

4

sold in Illinois.

In fact, and contrary to plaintiff's contention, the Accused Design was never sold and never specified for any job, anywhere. A sample of the design was created on June 20, 2006, in New York, in connection with preliminary design discussions with a New York City architectural firm, Stonehill & Taylor ("Stonehill"), for the proposed renovation of a restaurant in the Hyatt Hotel in New Brunswick, New Jersey. Although the Accused Design was involved in preliminary discussions, Stonehill never specified it. Instead, Stonehill specified a completely different etching design, which Hyatt used in its renovation. (Geyman Aff. ¶ 16).

Carvart invoiced the Hyatt job on February 6, 2007, through Stonehill's New York glass subcontractor, Egan Architectural Metal & Glass ("Egan") (Geyman Aff. ¶ 16, Ex. 1). Several months later, on or about June 15, 2007, Carvart received a cease-and-desist letter from Skyline's counsel, alleging copyright infringement by the Accused Design (Complaint Ex. C). In response, Carvart immediately removed the Accused Design from its portfolio (Geyman Aff. ¶ 19). Carvart never specified the Accused Design, never sold any product with the Accused Design, and never received any revenues or profits from it (Geyman Aff. ¶¶ 16, 19).

All of the activities concerning the Accused Design took place in New York. None of those activities occurred in Illinois. (Geyman Aff. ¶¶ 15-16). The individuals having the most knowledge of the circumstances are located in or near New York City, including Carvart's COO and Executive Vice President, Mr. Edward Geyman; the head of Carvart's sample department, Mr. Igor Schwartz; and Carvart's Product Manager, Mr. Oleg Boldyrev (Geyman Aff. ¶¶ 17-18). Nonparty witnesses include employees of Stonehill, the New York City architects, employees of the Egan, the Yonkers, New York glass contractor, and employees of the Hyatt Hotel in New

Jersey (see Geyman Aff. ¶ 16).  RG Glass had nothing to do with the creation or use of the sample and none of its employees were involved.  (Geyman Aff. ¶ 18).

II.    ARGUMENT

    A.    The Complaint Should Be Dismissed As To Both Defendants For Lack Of Personal Jurisdiction, Under Rule 12(b)(2), F.R.Civ.P.

The Court's power to exercise personal jurisdiction over a nonresident defendant is, for all practical purposes, coextensive with the outer limits of federal due process.  RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276-77 (7th Cir. 1997); GMAC Real Estate, LLC v. E.L. Cutler & Associates, Inc., 472 F. Supp.2d 960, 963-64 (N.D. Ill. 2006); MAC Funding Corporation v. Northeast Impressions, Inc., 215 F. Supp.2d 978, 979-80 (N.D. Ill. 2002) (all finding no practical distinction between Illinois and federal due process standards).  A defendant must have certain minimum contacts with the State of Illinois such that the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984); RAR, 107 F.3d at 1277; GMAC, 472 F. Supp.2d at 964.

To establish minimum contacts under this standard, plaintiff must prove that this Court has either general jurisdiction or specific jurisdiction over the nonresident defendants.  General jurisdiction exists when the defendant has "continuous and systematic general business contacts" with the State.  RAR, 107 F.3d at 1277.  Specific jurisdiction exists when the defendant has certain "minimum contacts" with the State and the plaintiff's cause of action arises from or relates to those minimum contacts.  Id.; Helicopteros, 466 U.S. at 414.

The plaintiff has the burden of establishing personal jurisdiction.  RAR, 107 F.3d at 1276; GMAC, 472 F. Supp.2d at 962.  However, Skyline has failed to allege any facts which

establish personal jurisdiction. Therefore, the Complaint should be dismissed. RAR, 107 F.3d at 1277 (finding plaintiff waived the right to allege general jurisdiction by failing to plead general jurisdiction in its Complaint). The evidence submitted by defendants by this motion confirms that there is no personal jurisdiction, even if plaintiff had pled it.

        1.     There Is No General Jurisdiction Over Either Defendant.

To establish general jurisdiction, plaintiff must show that the defendants have "continuous and systematic general business contacts" with the State of Illinois. RAR, 107 F.3d at 1277. This is a fairly high" standard and requires "a great amount of contacts." Glass v. Kemper Corporation, 930 F. Supp. 332, 338 (N.D. Ill. 1996), aff'd, 133 F.3d 999 (7th Cir. 1998); Lifeway Foods, Inc. v. Fresh Made, Inc., 940 F. Supp. 1316, 1320 (N.D. Ill. 1996).

Neither of the defendants has sufficient contacts with Illinois to create general jurisdiction. They have no offices, no employees, no real estate, no telephone numbers and no bank accounts in Illinois. They are not registered to do business in Illinois and do not conduct general business activities here. There are no other substantial, "continuous and systematic" contacts to permit the exercise of general jurisdiction over them. Therefore, this Court lacks general jurisdiction over Carvart and RG Glass.

Although Carvart attended one trade show in Illinois in 2000 and has made an occasional sale there, and although RG Glass has made an occasional purchase from Illinois vendors, those contacts "are too sporadic, tenuous and insubstantial" to exercise jurisdiction over the defendants. Glass, 930 F. Supp. at 339. This Court has declined to exercise general jurisdiction over defendants having substantially closer contacts with the State. Continental Casualty Company v. The Southern Company, 284 F. Supp.2d 1118, 1124 (N.D. Ill. 2003) (the regular purchase of goods from Illinois companies does not create general jurisdiction); Rohde v. Central

7

Railroad of Indiana, 930 F. Supp. 1269, 1272-73 (N.D. Ill. 1996) (engaging an Illinois consultant and an Illinois law firm, obtaining employee certifications from an Illinois entity, holding three insurance policies through Illinois brokers or underwriters, and leasing railroad cars from two Illinois companies are not sufficiently continuous or systematic to establish general jurisdiction); Glass, 930 F. Supp. 332 at 338-39 (finding no general jurisdiction even though defendant, an individual, visited Illinois several times a year and maintained a banking relationship with First Chicago).  See also, Helicopteros, 466 U.S. at 416-17 (a business trip into the state, employee training within the state and the purchase of equipment from the state do not create general jurisdiction).

2.    There Is No Specific Jurisdiction Over Either Defendant.

To establish specific jurisdiction, plaintiff must prove that each defendant has "minimum contacts" with the State of Illinois and plaintiff's cause of action arises from or relates to those minimum contacts.  RAR, 107 F.3d at 1277; Helicopteros, 466 U.S. at 414.  Even if plaintiff's pleading was adequate (although it is not), plaintiff still could not show specific jurisdiction. None of the activities giving rise to the Complaint have any connection to Illinois.

The sample bearing the Accused Design was created in New York City and discussed with New York City architects for proposed use in the Hyatt Hotel in New Jersey.  Ultimately, the Accused Design was never used, never made, and never again specified.  Since none of these activities occurred in Illinois or involved any Illinois entity, this Court does not have specific jurisdiction over the defendants for purposes of this case.[3]  Glass, 930 F. Supp. at 339-40

---

[3] Plaintiff cannot establish personal jurisdiction by alleging injury in Illinois.  GMAC, 472 F. Supp.2d at 965-66 (dismissing Complaint for unfair competition because defendant's acts did not occur in Illinois); Lifeway Foods, 940 F. Supp. at 1319-20 (dismissing Complaint for unfair competition because allegedly infringing goods were never sold in Illinois).

(finding no specific jurisdiction and dismissing Complaint).

Since plaintiff does not allege personal jurisdiction in its Complaint, and this Court cannot exercise general or specific jurisdiction over either of the defendants, the Complaint should be dismissed.

B.   The Complaint Should Be Dismissed As To Both Defendants For Improper Venue, Under Rule 12(b)(3), F.R.Civ.P.

In its complaint, plaintiff alleges copyright infringement, and unfair competition arising out of the alleged copyright infringement.  Under the applicable statutes, venue is proper in the district where the defendants reside, where a substantial part of the events giving rise to the Complaint occurred, or where the defendants may be found.  28 U.S.C. §§ 1391(b) and 1400(a).  Defendants in this case do not reside in Illinois and cannot be found here.  Neither has a place of business in Illinois and the Court lacks jurisdiction over them.  None of the events giving rise to the Complaint occurred in Illinois, and plaintiff has not alleged otherwise.  Therefore, venue is not proper here and the Complaint should be dismissed.  Rule 12(b)(3), F.R.Civ.P.

C.   If The Court Finds Personal Jurisdiction And Proper Venue, The Case Should Be Transferred To The U.S. District Court For The Southern District Of New York.

To transfer this case under Section 1404(a), defendants must prove: (1) venue is proper in the Northern District of Illinois, (2) the action may have been brought in the Southern District of New York, and (3) a transfer will serve the convenience of the parties and witnesses and will promote the interests of justice.  Pansophic Systems, Inc. v. Graphic Computer Service, Inc., 736 F. Supp. 878, 880 (N.D. Ill. 1990), citing, Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 n 3 (7th Cir. 1986).  Since this Court lacks personal jurisdiction over the defendants and venue is not proper here, the first element is not satisfied, and the Complaint should be dismissed without transfer.  If, however, the Court determines that venue is proper here, then the first element

would be satisfied.  The second element also is satisfied because the Southern District of New York has jurisdiction over both defendants and venue is proper there.  The third element also would be satisfied, as discussed below.

In assessing the convenience of the parties and witnesses and the interests of justice, courts consider private interests, including (1) the plaintiff's choice of forum, (2) the situs of material events, (3) the relative availability of proof, including the court's power to compel live testimony, and (4) the convenience of the parties.  Courts also consider public interests, including the court's familiarity with applicable law and the desirability of resolving disputes locally.  Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Limited Partnership, 807 F. Supp. 470, 474 (N.D. Ill. 1992); Von Holdt v. Husky Injection Molding Systems, Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995).  Whether to transfer a case is discretionary.  Sutherland v. Cybergenics Corporation, 907 F. Supp. 1218, 1223 (N.D. Ill. 1995); Habitat, 807 F. Supp. at 474.

    1.    The Situs Of Material Events And Access To Physical Evidence.

All of the operative facts in this case occurred in New York.  The defendants are located there and the alleged infringement occurred there.  This Court has held that "the location of the [alleged] infringer's principal place of business is often the critical and controlling consideration." Habitat, 807 F. Supp. at 474; Pansophic, 736 F. Supp. at 881; Von Holdt, 887 F. Supp. at 188-89; Gen 17, Inc. v. Sun Microsystems, Inc., 953 F. Supp. 240, 243 (N.D. Ill. 1997); Law Bulletin Publishing Co. v. LRP Publications, Inc., 992 F. Supp. 1014, 1017-18 (N. D. Ill. 1998) (all transferring case to district where alleged infringement occurred).[4]  Therefore, the Southern District of New York is the more convenient forum with respect to the ease of access to

---

[4] The fact that plaintiff is located in Illinois does not shift the situs to Illinois.  Pansophic, 7363 F. Supp. at 882.

physical and documentary proof.

           2.      <u>The Convenience Of The Witnesses And Availability Of Testimonial Evidence.</u>

The Southern District of New York also is the more convenient forum for compelling live testimony, which is preferred in the case of nonparty witnesses. <u>Habitat</u>, 807 F. Supp. at 474; <u>Pansophic</u>, 736 F. Supp. at 881. Nonparty witnesses who are highly material to the defense are located in New York. For example, defendants intend to call employees of (1) Stonehill & Taylor, the architectural firm in New York City with whom Carvart discussed the Accused Design; (2) Egan, the glass contractor in Yonkers, New York who subcontracted the Hyatt job; and (3) the Hyatt Hotel in New Brunswick, New Jersey, all to confirm that the Accused Design was never specified or sold in connection with the Hyatt Hotel project, and that plaintiff suffered no damage.[5] These witnesses also can confirm that RG Glass had nothing to do with the project. Since, however, these witnesses are in and near New York, they cannot be compelled to give live testimony in Illinois. <u>Pansophic</u>, 736 F. Supp. at 881 (transferring case to a district where nonparty witnesses will be called to testify); <u>Habitat</u>, 807 F. Supp. at 475 (transferring to district where nonparty architects and designers are located).

           3.      <u>The Convenience Of The Parties.</u>

The convenience of the parties weighs in favor of a transfer. The defendants, their employees and records are located in New York and have no connection to Illinois. <u>Von Holdt</u>, 887 F. Supp. at 188-89 (transferring case to district where defendant is located when plaintiff's only connection to Illinois is its residence). It would be more convenient for defendants to litigate this case in New York. They are small companies and the absence of their witnesses, Mr.

---

[5] The Accused Design was not used in connection with any other project (Geyman Aff. ¶¶ 16, 19).

Geyman, Mr. Shwartz and Mr. Boldyrev, from day-to-day operations to participate in hearings and a trial would create significant disruptions in their businesses.  Such disruptions could be minimized if court appearances took place in New York City (Geyman Aff. ¶ 20).

Plaintiff will not be unduly inconvenienced by a transfer, as it has a sales office in Brewster, New York, which is located about 30 miles from the Southern District of New York courthouse in White Plains, and about 60 miles from the Southern District of New York courthouse in Manhattan (Miller Aff. ¶ 2, Ex. 1).  Thus, transferring this case to New York would not merely shift the inconvenience from defendants to plaintiff.  It would increase the aggregate convenience to the parties and witnesses, and reduce the aggregate costs of litigation.

### 4.    The Plaintiff's Choice Of Forum.

Although the plaintiff's choice of forum generally is an important consideration, its weight "is lessened if the chosen forum has relatively weak connection with the operative facts giving rise to the claim."  Von Holdt, 887 F. Supp. at 188; Sutherland, 907 F. Supp. at 1223 (plaintiff's choice of forum "is not absolute and will not defeat a well-founded motion to transfer"); Pansophic, 736 F. Supp. at 881 (plaintiff's choice of forum is "accorded minimal value where none of the conduct complained of occurred" there); Law Bulletin, 992 F. Supp. at 1017.  In this case, plaintiff's choice of forum is not entitled to any deference because New York is the situs of all of the material events giving rise to the Complaint.

### 5.    The Interests Of Justice.

A transfer to New York also would serve the interests of justice.  The events giving rise to this lawsuit bear little connection with Illinois.  Defendants are located in New York and the situs of events occurred in New York.  Any injunction that possibly could issue will be enforced in New York.  Therefore, unlike Illinois, New York has a direct interest in this case, and justice

would be better served if the case were resolved there.  <u>Pansophic</u>, 736 F. Supp. at 882; <u>Habitat</u>, 807 F. Supp. at 475; <u>Law Bulletin</u>, 992 F. Supp. at 1019-21 (all transferring to district in which the alleged infringement occurred and where any injunction would issue).  Plaintiff also is likely to obtain speedier relief in the Southern District of New York, where cases are brought to trial more quickly than in the Northern District of Illinois (Miller Aff. ¶ 3, Ex. 2).

In summary, the Complaint should be dismissed for improper venue.  If, however, the Court determines that venue is proper and the Complaint should survive, then the case should be transferred to the U.S. District Court for the Southern District of New York, for the convenience of the parties and witnesses and in the interests of justice.

      D.    <u>Counts V and VII Of The Complaint Should Be Dismissed For Failure To State A Claim.</u>

Defendants have moved to dismiss Counts V and VII of the Complaint, under Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted.  By Counts V and VII, plaintiff seeks relief under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*  This statute, however, protects consumers.  To state a redressable claim, plaintiff must allege that defendant's conduct implicates consumer protection concerns.  <u>Athey Products Corporation v. Harris Bank Roselle</u>, 89 F.3d 430, 436-37 (7th Cir. 1996); <u>Speakers of Sport, Inc. v. Proserv, Inc.</u>, 178 F.3d 862, 868 (7th Cir. 1999).  Plaintiff does not make any such allegation in the Complaint.  Indeed, plaintiff cannot allege consumer protection concerns because the parties' customers are professional contractors and architects.

In addition, the statute applies only to transactions which occur "primarily and substantially in Illinois."  <u>Avery v. State Farm Mutual Automobile Insurance Company</u>, 216 Ill. 2d 100, 185-87, 835 N.E.2d 801, 853-54 (2005), <u>cert. denied</u>, 547 U.S. 1003 (2006).  Plaintiff

does not allege that any of the defendants' activities took place in Illinois, nor can it. Because plaintiff has failed to allege facts necessary to state a claim under this Act, Counts V and VII of the Complaint should be dismissed with prejudice.

III.    CONCLUSION

Based on the facts and authorities set forth above, it is respectfully requested that the Complaint against Carvart and RG Glass be dismissed or, in the alternative, that Counts V and VII of the Complaint be dismissed with prejudice and the remaining Counts be transferred to the U.S. District Court for the Southern District of New York.

CARVART GLASS, INC. and
RG GLASS CREATIONS, INC.


By:    _____
        One of its Attorneys

Michael R. Turoff (ARDC # 02870258)
Raechelle Delarmente (ARDC # 06292683)
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100

OF COUNSEL:

Wendy E. Miller
Gary J. Gershik
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 278-0400

8105389.1

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SKYLINE DESIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 08 CV 1656 |
| | ) | JUDGE GUZMAN |
| v. | ) | MAGISTRATE JUDGE COX |
| | ) | |
| CARVART GLASS, INC. and RG GLASS CREATIONS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF EDWARD GEYMAN

1.   I am the Chief Operating Officer and Executive Vice President of Carvart Glass, Inc. ("Carvart"), and have held this position since its formation in 1997.  I also am the President of RG Glass Creations, Inc. ("RG Glass"), and I have held this position since its inception 1998.  I make this Affidavit in support of a motion by Carvart and RG Glass to dismiss this case for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this lawsuit to the federal court in New York City.

CARVART

2.   Carvart is engaged in the business of designing and manufacturing architectural glass. Architectural glass is a building material typically used to form windows, external glass walls, internal glass partitions and decorative architectural features.  Often, architectural glass is etched with a pattern or design for privacy or decoration.  Carvart has a portfolio of stock designs, and also creates custom designs for its customers.

3.   Carvart markets its products to architects and designers, who specify architectural glass products for their clients.  When a Carvart product is specified by an architect or designer,

Carvart makes and sells the product to a glazier or to the contractor handling the job.  Carvart has a very high end client base, and its architectural glass can be seen in institutions such as Columbia University and New York University and in high-end office buildings and retail stores such as Sony and Christian Dior.  Carvart has a website at www.carvart.com.

4.  Carvart is a New York corporation with two places of business, both in New York City.  It has administrative offices and a showroom in Manhattan, and a design office and factory in Brooklyn, New York.  All of Carvart's business is conducted from these New York City facilities.

5.  Carvart has 21 employees.  Seven work in our Manhattan showroom and 14 work in our Brooklyn design office and factory.  All of our employees live in New York City and its surrounding suburbs.  Carvart has independent sales representatives in Boston, Seattle, and Philadelphia.

6.  All of Carvart's records are located in New York City and all of our business is conducted from there.  Carvart has no office or mailing address, no telephone number and no bank account in Illinois.  We have no employees or sales representatives in Illinois and no real estate there.  Carvart is not licensed or qualified to do business in Illinois.

7.  Carvart has contracted to supply its products to Illinois customers twice in the last three years.  Carvart's total sales to those Illinois customers constitute only about 0.0005% of Carvart's total sales during that time period.  None of Carvart's sales to Illinois involved the design accused of infringement in this lawsuit ("the Accused Design").

8.  Carvart has, in past years, participated in the NeoCon Trade Fair.  NeoCon takes place annually in various cities throughout the United States.  NeoCon took place in Chicago in

2002, and Carvart attended that show.  That was the only time that Carvart has ever participated in a trade show in Chicago.

RG GLASS

9.  RG Glass, formed in 1998, is a metal and glass subcontractor.  Working with architects, general contractors and designers, it subcontracts the purchase, delivery and installation of architectural metal and glass installments.  Like Carvart, RG Glass has a very high end clientele.  Some of its recent installations include the Brooklyn Museum, the renovation of the Plaza Hotel in New York City, the Lever House restaurant in the historic Lever House office building on Park Avenue, and numerous high end retail stores such as Christian Dior and Louis Vuitton.

10. RG Glass is a New York corporation.  It has administrative offices in Manhattan, and shipping and receiving and inventory space in Brooklyn.  RG Glass conducts all of its business from its New York City facilities.

11. Carvart and RG Glass are family businesses and operate from the same Manhattan and Brooklyn locations.  They are, however, separate and distinct corporations.  They are separately owned, their books and records are maintained separately, and other than me, they have no common employees.

12. RG Glass has 18 employees.  Seven of those employees work in the Manhattan office, two employees work in the Brooklyn shipping and receiving facility, and nine are field installers.  All of those employees live in New York City and its surrounding suburbs.  RG Glass does not have any out-of-state sales representatives.

13. All of RG Glass's records are located in New York City and all of its business is conducted from there.  RG Glass has no office or mailing address, no telephone number and no

bank account in Illinois.  It has no employees in Illinois and no real estate there.  It is not licensed or qualified to do business in Illinois.  RG Glass has never had any customers in Illinois and has never performed any work there.

14. From time to time, RG Glass makes purchases from Illinois vendors.  The first purchase from Illinois occurred in 2006.  Since then, purchases from Illinois vendors have comprised only 0.0003% of RG Glass's total purchases.  None of those purchases involved the Accused Design.

<u>ACTIVITIES CONCERNING THIS LAWSUIT</u>

15. All of the activities of Carvart and RG Glass concerning the Accused Design took place in New York.  None of those activities occurred in Illinois.

16. The Accused Design was never sold and never specified for any job.  A sample of the design was created on June 20, 2006, in connection with preliminary design discussions with a New York City architectural firm, Stonehill & Taylor, for the proposed renovation of the restaurant in the Hyatt Hotel in New Brunswick, New Jersey.  Although the Accused Design was involved in preliminary discussions, Stonehill & Taylor never specified it to the Hyatt Hotel.  Instead, Stonehill specified a completely different etching design, which Hyatt used in its renovation.  Exhibit 1 is a true and correct copy of an Invoice by Carvart to Stonehill & Taylor's glass subcontractor, Egan Architectural Metal & Glass ("Egan"), dated February 6, 2007, showing that the architectural glass installation used a series of decorative tree designs.

17. I am the person who has the most overall knowledge concerning Carvart's and RG Glass's business activities, and particularly those involved in this lawsuit.  I live in Manhattan and work in our Manhattan office.

18. Other Carvart employees having knowledge about the creation of the sample of the Accused Design is Mr. Igor Shwartz, the head of Carvart's sample department, who works in Carvart's Brooklyn office and lives in Brooklyn, and Mr. Oleg Boldyrev, our Product Manager, who also works in our Brooklyn office and lives in Staten Island in New York City. RG Glass had nothing to do with the creation or use of the sample and no employee of RG Glass was involved.

19. Shortly after June 15, 2007, I received a letter from Skyline's counsel, advising that Skyline believes that the Accused Design infringes one of its copyrights. After reading that letter, I immediately removed the sample from our portfolio. Since that time, we have not specified the Accused Design. At no time did we ever sell any product with the Accused Design, and we never received any revenues or profits from it.

20. If Skyline's case is not dismissed, it would be much more convenient for Carvart and RG Glass to litigate this dispute in New York City rather than in Illinois. Because we are a small company, my absence and the absence of Mr. Shwartz and Mr. Boldyrev from day-to-day operations to participate in possible hearings and a trial in Illinois would create significant disruptions in our business. Disruptions could be minimized if our court appearances were to take place in New York City.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  May 14, 2008
New York, New York

Edward Geyman



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

# Invoice

www.carvart.com

002147

| Egan Architectural Metal & Glass | **Delivery Address** | | |
|---|---|---|---|
| 906 Nepperhan Avenue | 2 albany street | | **Page 1 of 16** |
| | new nbrunswick nj 08901 | Order | 001676 |
| Yonkers | paul 914 423 4800 to sched | Estimate | 001676 |
| NY | tom 845 494 8941 | Invoice Date | 2/6/2007 |
| 10703 | | Account No | **EGAN** |
| | | Lead Time | 2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Carvart Rapport Polyetch | 1 | 42 1/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 102.78 | 17.720 | $1,208.80 | $1,208.80 |
| | | | | | G1-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 5 | Carvart Rapport Polyetch | 1 | 35 7/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 84.10 | 14.500 | $999.50 | $999.50 |
| | | | | | G2-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

## Invoice

002147

www.carvart.com

| Egan Architectural Metal & Glass | Delivery Address | | |
|---|---|---|---|
| 906 Nepperhan Avenue | 2 albany street | Order | 001676 |
| | new nbrunswick nj 08901 | Estimate | 001676 |
| Yonkers | paul 914 423 4800 to sched | Invoice Date | 2/6/2007 |
| NY | tom 845 494 8941 | Account No | **EGAN** |
| 10703 | | Lead Time | 2/22/2007 |

**Page 2 of 16**

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 6 | Carvart Rapport Polyetch | 1 | 54 1/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 130.85 | 22.560 | $1,723.40 | $1,723.40 |
| | | | | | G3-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| TV | | | | | | | | | |
| clear section to sketch | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 7 | Carvart Rapport Polyetch | 1 | 18 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 42.05 | 7.250 | $528.25 | $528.25 |
| | | | | | G4-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |

# CARVART

180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

www.carvart.com

002147

| | | |
|---|---|---|
| Egan Architectural Metal & Glass | Delivery Address | |
| 906 Nepperhan Avenue | 2 albany street | |
| | new nbrunswick nj 08901 | Order 001676 |
| Yonkers | paul 914 423 4800 to sched | Estimate 001676 |
| NY | tom 845 494 8941 | Invoice Date **2/6/2007** |
| 10703 | | Account No **EGAN** |
| | | Lead Time 2/22/2007 |

**Page 3 of 16**

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 8 | Carvart Rapport Polyetch | 1 | 24 1/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 60.73 | 10.470 | $737.55 | $737.55 |
| | | | | | G5-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 9 | Carvart Rapport Polyetch | 1 | 21 7/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 51.39 | 8.860 | $632.90 | $632.90 |
| | | | | | G6-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |

# CARVART |||

180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

Invoice

www.carvart.com

002147

| | | |
|---|---|---|
| Egan Architectural Metal & Glass | Delivery Address | **Page 4 of 16** |
| 906 Nepperhan Avenue | 2 albany street | Order  001676 |
| | new nbrunswick nj 08901 | Estimate  001676 |
| Yonkers | paul 914 423 4800 to sched | Invoice Date  **2/6/2007** |
| NY | tom 845 494 8941 | Account No  **EGAN** |
| 10703 | | Lead Time  2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 10 | Carvart Rapport Polytech | 1 | 54 1/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 130.85 | 22.560 | $1,723.40 | $1,723.40 |
| | | | | | G7-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 11 | Carvart Rapport Polytech | 1 | 19 1/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 46.75 | 8.060 | $580.90 | $580.90 |
| | | | | | G8-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |

TV
clear area to sketch

Geyman Aff. Ex. 1-4



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

www.carvart.com

002147

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Egan Architectural Metal & Glass | | | Delivery Address | | | | | **Page 5 of 16** |
| 906 Nepperhan Avenue | | | 2 albany street | | | Order | | 001676 |
| | | | new nbrunswick nj 08901 | | | Estimate | | 001676 |
| Yonkers | | | paul 914 423 4800 to sched | | | Invoice Date | | 2/6/2007 |
| NY | | | tom 845 494 8941 | | | Account No | | **EGAN** |
| 10703 | | | | | | Lead Time | | 2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 12 | Carvart Rapport Polyetch | 1 | 36 3/4 | 118 1/2 | 0 1/2" Carvart Interlaminate Glass | 183.69 | 31.670 | $2,496.55 | $2,496.55 |
| | | | | | G9-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 13 | Carvart Rapport Polyetch | 1 | 30 | 118 1/2 | 0 1/2" Carvart Interlaminate Glass | 145.00 | 25.000 | $1,685.50 | $1,685.50 |
| | | | | | G10-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |

G9
see sketch attached
notch cutout

mitered one long



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

www.carvart.com

002147

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Egan Architectural Metal & Glass | | Delivery Address | | | | | | | **Page 6 of 16** |
| 906 Nepperhan Avenue | | 2 albany street | | | | Order | | | 001676 |
| | | new nbrunswick nj 08901 | | | | Estimate | | | 001676 |
| Yonkers | | paul 914 423 4800 to sched | | | | Invoice Date | | | **2/6/2007** |
| NY | | tom 845 494 8941 | | | | Account No | | | **EGAN** |
| 10703 | | | | | | Lead Time | | | 2/22/2007 |
| | PO#: Hyatt New Brunswick | | | | | | | | |

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 14 | Carvart Rapport Polyetch | 1 | 42 7/16 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 102.78 | 17.720 | $1,322.80 | $1,322.80 |
| | | | | | G11-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 17 | Carvart Rapport Polyetch | 1 | 25 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 60.73 | 10.470 | $737.55 | $737.55 |
| | | | | | G14-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |

MITERED 2 LONGS see sketch attached

Geyman Aff. Ex. 1-6



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

www.carvart.com

002147

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Egan Architectural Metal & Glass | | | Delivery Address | | | | | **Page 7 of 16** | |
| 906 Nepperhan Avenue | | | 2 albany street | | | Order | | 001676 | |
| | | | new nbrunswick nj 08901 | | | Estimate | | 001676 | |
| Yonkers | | | paul 914 423 4800 to sched | | | Invoice Date | | **2/6/2007** | |
| NY | | | tom 845 494 8941 | | | Account No | | **EGAN** | |
| 10703 | | | | | | Lead Time | | 2/22/2007 | |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 18 | Carvart Rapport Polyetch | 1 | 49 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 116.81 | 20.140 | $1,366.10 | $1,366.10 |
| | | | | | G15-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 19 | Carvart Rapport Polyetch | 1 | 54 1/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 130.85 | 22.560 | $1,723.40 | $1,723.40 |
| | | | | | G16-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |

TV
clear area see sketch



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

# Invoice

www.carvart.com

002147

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Egan Architectural Metal & Glass | | Delivery Address | | | Order | | **Page 8 of 16** |
| 906 Nepperhan Avenue | | 2 albany street | | | Order | | 001676 |
| | | new nbrunswick nj 08901 | | | Estimate | | 001676 |
| Yonkers | | paul 914 423 4800 to sched | | | Invoice Date | | **2/6/2007** |
| NY | | tom 845 494 8941 | | | Account No | | **EGAN** |
| 10703 | | | | | Lead Time | | 2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 20 | Carvart Rapport Polyetch | 1 | 18 3/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 46.75 | 8.060 | $580.90 | $580.90 |
| | | | | | G17-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 21 | Carvart Rapport Polyetch | 1 | 48 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 112.11 | 19.330 | $1,313.45 | $1,313.45 |
| | | | | | G18-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

# Invoice

002147

www.carvart.com

| | | |
|---|---|---|
| Egan Architectural Metal & Glass | Delivery Address | **Page 9 of 16** |
| 906 Nepperhan Avenue | 2 albany street | Order | 001676 |
| | new nbrunswick nj 08901 | Estimate | 001676 |
| Yonkers | paul 914 423 4800 to sched | Invoice Date | 2/6/2007 |
| NY | tom 845 494 8941 | Account No | **EGAN** |
| 10703 | | Lead Time | 2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 22 | Carvart Rapport Polyetch | 1 | 54 1/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 130.85 | 22.560 | $1,723.40 | $1,723.40 |
| | | | | | G19-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 23 | Carvart Rapport Polyetch | 1 | 52 3/4 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 126.15 | 21.750 | $1,470.75 | $1,470.75 |
| | | | | | G20-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |

TV
clear section see sketch



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

www.carvart.com

002147

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Egan Architectural Metal & Glass | | Delivery Address | | | Order | | **Page 10 of 16** |
| 906 Nepperhan Avenue | | 2 albany street | | | Order | | 001676 |
| | | new nbrunswick nj 08901 | | | Estimate | | 001676 |
| Yonkers | | paul 914 423 4800 to sched | | | Invoice Date | | 2/6/2007 |
| NY | | tom 845 494 8941 | | | Account No | | **EGAN** |
| 10703 | | | | | Lead Time | | 2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 24 | Carvart Rapport Polyetch | 1 | 30 7/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 74.76 | 12.890 | $894.85 | $894.85 |
| | | | | | G22-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 25 | Carvart Rapport Polyetch | 1 | 54 1/8 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 130.85 | 22.560 | $1,523.40 | $1,523.40 |
| | | | | | G23-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |

TV
clear section see sketch



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

www.carvart.com

002147

| | | | |
|---|---|---|---|
| Egan Architectural Metal & Glass | Delivery Address | Order | **Page 11 of 16** |
| 906 Nepperhan Avenue | 2 albany street | | 001676 |
| | new nbrunswick nj 08901 | Estimate | 001676 |
| Yonkers | paul 914 423 4800 to sched | Invoice Date | **2/6/2007** |
| NY | tom 845 494 8941 | Account No | **EGAN** |
| 10703 | | Lead Time | 2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 26 | Carvart Rapport Polyetch | 1 | 35 1/2 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass<br><br>G24-tree design<br>Clear 1/4<br><br>Clear mirror 1/4<br><br><br>CLR<br>Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | 84.10 | 14.500 | $999.50 | $999.50 |
| 27 | Carvart Rapport Polyetch | 1 | 36 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass<br>G25-tree design<br>Clear 1/4<br><br>Clear mirror 1/4<br><br><br>CLR<br>Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | 84.10 | 14.500 | $999.50 | $999.50 |



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

www.carvart.com                                                    002147

| | | |
|---|---|---|
| Egan Architectural Metal & Glass | Delivery Address | |
| 906 Nepperhan Avenue | 2 albany street | **Page 12 of 16** |
| | new nbrunswick nj 08901 | Order          001676 |
| Yonkers | paul 914 423 4800 to sched | Estimate     001676 |
| NY | tom 845 494 8941 | Invoice Date   **2/6/2007** |
| 10703 | | Account No        **EGAN** |
| | | Lead Time        2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 28 | Carvart Rapport Polytech | 1 | 42 1/2 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 102.78 | 17.720 | $1,208.80 | $1,208.80 |
| | | | | | G26-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 29 | Carvart Rapport Polytech | 1 | 18 | 56 3/4 | 0 1/2" Carvart Interlaminate Glass | 42.05 | 7.250 | $528.25 | $528.25 |
| | | | | | G27-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| | | | | | Clear mirror 1/4 | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |

HOLD



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

## Invoice

www.carvart.com

002147

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Egan Architectural Metal & Glass | | | Delivery Address | | | | | **Page 13 of 16** |
| 906 Nepperhan Avenue | | | 2 albany street | | | Order | | 001676 |
| | | | new nbrunswick nj 08901 | | | Estimate | | 001676 |
| Yonkers | | | paul 914 423 4800 to sched | | | Invoice Date | | **2/6/2007** |
| NY | | | tom 845 494 8941 | | | Account No | | **EGAN** |
| 10703 | | | | | | Lead Time | | 2/22/2007 |
| | PO#: Hyatt New Brunswick | | | | | | | |

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 30 | Carvart Rapport Polyetch | 1 | 22 1/8 | 118 1/2 | 0 1/2" Carvart Interlaminate Glass | 116.00 | 20.000 | $1,738.00 | $1,738.00 |
| | | | | | G29-tree design | | | | |
| | | | | | Clear 1/4 | | | | |
| G29 | | | | | | | | | |
| see sketch attached | | | | | | | | | |
| notch cutout | | | | | Clear mirror 1/4 | | | | |
| mitered one long | | | | | | | | | |
| | | | | | CLR | | | | |
| | | | | | Custom Design, Custom Design, Cut tape on 1/2" Lami (LR), Polishing 1/2" Lami (LR) | | | | |
| 32 | Carvart Rapport Polyetch | 1 | 24 | 56 3/4 | 0 1/2"Tempered Carvart Glass | 60.92 | 9.670 | $651.35 | $651.35 |
| | | | | | G13-tree design | | | | |
| | | | | | Clear Tempered 1/2 | | | | |
| not mirrored | | | | | | | | | |
| | | | | | Custom Design, Custom Design, Polishing 1/2" Glass (LR) | | | | |

Geyman Aff. Ex. 1-13



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

www.carvart.com

002147

| | | |
|---|---|---|
| Egan Architectural Metal & Glass | Delivery Address | **Page 14 of 16** |
| 906 Nepperhan Avenue | 2 albany street | Order 001676 |
| | new nbrunswick nj 08901 | Estimate 001676 |
| Yonkers | paul 914 423 4800 to sched | Invoice Date **2/6/2007** |
| NY | tom 845 494 8941 | Account No **EGAN** |
| 10703 | | Lead Time 2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 33 | Carvart Rapport Polyetch | 1 | 34 | 56 3/4 | 0 1/2"Tempered Carvart Glass<br><br>G21-tree design<br>Clear Tempered 1/2<br><br><br>Custom Design, Custom Design, Polishing 1/2" Glass (LR) | 86.25 | 13.690 | $912.65 | $912.65 |

not mirrored

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 34 | Carvart Rapport Polyetch | 1 | 41 3/4 | 56 3/4 | 0 1/2"Tempered Carvart Glass<br><br>G28-tree design<br>Clear Tempered 1/2<br><br><br>Custom Design, Custom Design, Polishing 1/2" Lami (LR) | 106.60 | 16.920 | $1,122.60 | $1,122.60 |

not mirrored

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 35 | Carvart Rapport Polyetch | 1 | 31 7/16 | 56 3/4 | 0 1/2"Tempered Carvart Glass<br><br>G12-tree design<br>Clear Tempered 1/2<br><br><br>Custom Design, Custom Design, Polishing 1/2" Glass (LR) | 81.21 | 12.890 | $943.75 | $943.75 |

MITERED 1 LONG see sketch
not mirrored



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

002147

www.carvart.com

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Egan Architectural Metal & Glass | | | Delivery Address | | | Order | | **Page 15 of 16** |
| 906 Nepperhan Avenue | | | 2 albany street | | | Order | | 001676 |
| | | | new nbrunswick nj 08901 | | | Estimate | | 001676 |
| Yonkers | | | paul 914 423 4800 to sched | | | Invoice Date | | **2/6/2007** |
| NY | | | tom 845 494 8941 | | | Account No | | **EGAN** |
| 10703 | | | | | | Lead Time | | 2/22/2007 |

PO#: Hyatt New Brunswick

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 37 | Carvart Rapport Polyetch | 4 | 55 1/16 | 104 3/16 | 0 1/2"Tempered Carvart Glass | 259.69 | 41.220 | $2,721.30 | $10,885.20 |
| | | | | | SLIDING DRS-tree design | | | | |
| | | | | | Clear Tempered 1/2 | | | | |
| ART GLASS NO MIRROR | | | | | | | | | |
| | | | | | Custom Design, Custom Design, Polishing 1/2" Glass (LR) | | | | |
| 38 | Carvart Rapport Polyetch | 5 | 47 5/16 | 116 3/8 | 0 1/2"Tempered Carvart Glass | 247.78 | 39.330 | $2,603.25 | $13,016.25 |
| | | | | | SLIDING DRS-tree design | | | | |
| | | | | | Clear Tempered 1/2 | | | | |
| ART GLASS NO MIRROR | | | | | | | | | |
| | | | | | Custom Design, Custom Design, Polishing 1/2" Glass (LR) | | | | |
| 39 | Carvart | 1 | 0 | 0 | Etching Set-Up | 0.00 | 0.000 | $1,000.00 | $1,000.00 |
| | | | | | ETCH TREE DESIGN SET UP | | | | |



180 Varick Street, St. 1218
New York, NY 10014
Ph.212.675.0030 F.212.675.8175

**Invoice**

www.carvart.com

002147

| Egan Architectural Metal & Glass | Delivery Address | | |
|---|---|---|---|
| 906 Nepperhan Avenue | 2 albany street | **Page 16 of 16** | |
| | new nbrunswick nj 08901 | Order | 001676 |
| | paul 914 423 4800 to sched | Estimate | 001676 |
| Yonkers | tom 845 494 8941 | Invoice Date | **2/6/2007** |
| NY | | Account No | **EGAN** |
| 10703 | | Lead Time | 2/22/2007 |
| PO#: Hyatt New Brunswick | | | |

| Line | Studio Line | Qty | Width | Height | Description | Item Weight lbs | Area ft² | Unit Price $ | Total Price |
|---|---|---|---|---|---|---|---|---|---|
| 40 | Carvart | 1 | 0 | 0 | Sidewalk Delivery | 0.00 | 0.000 | $150.00 | $150.00 |

ETCH TREE DESIGN SET UP

| Total Weight | 5,052.44 | | Net Goods Value | $59,129.20 |
|---|---|---|---|---|
| Number of Items | 40 | | Discount | $0.00 |
| Terms | | | Net | $59,129.20 |
| Order Notes | | | Tax | $0.00 |
| | | | Total | $59,129.20 |
| | | | Deposit | $59,129.20 |
| | | | Total Balance | $0.00 |

Geyman Aff. Ex. 1-16

T  212 675 0030 F  212 675 8175 info@carvart.com

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SKYLINE DESIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 08 CV 1656 |
| | ) | JUDGE GUZMAN |
| v. | ) | MAGISTRATE JUDGE COX |
| | ) | |
| CARVART GLASS, INC. and RG GLASS CREATIONS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF WENDY E. MILLER**

1.     I am a partner in the law firm of Cooper & Dunham LLP, attorneys for defendants in this action.  I am a member in good standing of the bars of the States of New York and New Jersey, and of several U.S. District Courts and Courts of Appeal, including the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the Federal Circuit.  I intend to file an application for admission *pro hac vice* to participate in this case.  I make this Affidavit in support of defendants' motion to (1) dismiss the Complaint, under Rules 12(b)(2) and (3), F.R.Civ.P., for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this case to the U.S. District Court for the Southern District of New York, and (2) dismiss Counts V and VII of the Complaint, under Rule 12(b)(6), F.R.Civ.P., for failure to state a claim on which relief can be granted.

2.     According to its website at www.skydesign.com, the plaintiff in this case, Skyline, has a sales representative located at 41 Carriage Hill Road, Brewster, New York 10509.  Although the name of the town is spelled incorrectly on website, such an address exits in the town of Brewster, New York.  Attached as Exhibit 1 are true and correct downloads from the

Exhibit B-1

Google Maps service, showing that Skyline's sales representative is located about 30 miles from the Southern District of New York courthouse at 300 Quarropas Street in White Plains, New York, and about 60 miles from the Southern District of New York courthouse in Manhattan at 500 Pearl Street in New York, New York.

3.    Attached as Exhibit 2 are true and correct downloads from the 2007 Federal Court Management Statistics, Judicial Caseload Profile, for the Northern District of Illinois and the Southern District of New York, which I obtained at http://www.uscourts.gov/fcmstat/index.html. These reports show that, although the median time from the filing of a case to its pretrial disposition is shorter in the Northern District of Illinois, the median time to trial is shorter in the Southern District of New York.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  May 14, 2008
New York, New York

_____
Wendy E. Miller

Exhibit B-2



Start **41 Carriage Hill Rd**
**Brewster, NY 10509**
End **300 Quarropas St**
**White Plains, NY 10601**
Travel **31.8 mi – about 42 mins**



 **41 Carriage Hill Rd**
**Brewster, NY 10509**

Drive: 31.8 mi – about 42 mins

| | | |
|---|---|---|
| 1. | Head **east** on **Carriage Hill Rd** toward **CR-51/Turk Hill Rd** | 0.2 mi |
| ➡ 2. | Turn **right** at **CR-51/Turk Hill Rd** | 0.7 mi<br>2 mins |
| ➡ 3. | Turn **right** at **CR-55/Deans Corner Rd** | 1.5 mi<br>2 mins |
| ⬅ 4. | Turn **left** at **RT-22/US-202**<br>Continue to follow RT-22 | 3.2 mi<br>5 mins |
| 5. | Continue on **Hardscrabble Rd** | 0.2 mi |
| ➡ 6. | Turn **right** to merge onto **I-684 S**<br>Passing through Connecticut<br>Entering New York | 23.3 mi<br>23 mins |
| 7. | Take the **I-287 W** exit toward **White Plains** | 0.2 mi |
| ➡ 8. | Keep **right** at the fork, follow signs for **Westchester Ave** and merge onto **Westchester Ave** | 1.9 mi<br>5 mins |
| ⬅ 9. | Turn **left** at **S Broadway/RT-22 S** | 292 ft |
| ➡ 10. | Slight **right** at **Martine Ave** | 0.2 mi |
| ⬅ 11. | Turn **left** at **Mamaroneck Ave/RT-125** | 472 ft<br>1 min |
| ➡ 12. | Turn **right** at **Quarropas St** | 0.3 mi<br>1 min |

**300 Quarropas St**
**White Plains, NY 10601**

These directions are for planning purposes only. You may find that construction projects, traffic, or other events may cause road conditions to differ from the map results.

Map data ©2008 NAVTEQ™

**Overview**



**Start**



**End**



Map data ©2008 NAVTEQ™

Miller Aff. Ex. 1-1



Start **41 Carriage Hill Rd**
**Brewster, NY 10509**
End **500 Pearl St**
**New York, NY 10007**
Travel **61.3 mi – about 1 hour 20 mins, up to 1 hour 40 mins in traffic**





**Overview**

**41 Carriage Hill Rd**
**Brewster, NY 10509**

Drive: 61.3 mi – about 1 hour 20 mins, up to 1 hour 40 mins in traffic

| | | |
|---|---|---|
| 1. | Head **east** on **Carriage Hill Rd** toward **CR-51/Turk Hill Rd** | 0.2 mi |
| 2. | Turn **right** at **CR-51/Turk Hill Rd** | 0.7 mi / 2 mins |
| 3. | Turn **right** at **CR-55/Deans Corner Rd** | 1.5 mi / 2 mins |
| 4. | Turn **left** at **RT-22/US-202** <br> Continue to follow RT-22 | 3.2 mi / 5 mins |
| 5. | Continue on **Hardscrabble Rd** | 0.2 mi |
| 6. | Turn **right** to merge onto **I-684 S** <br> Passing through Connecticut <br> Entering New York | 24.3 mi / 25 mins |
| 7. | Merge onto **Hutchinson River Pkwy S** | 13.7 mi / 16 mins |
| 8. | Take exit **4S** for **I-95 S/Stillwell Ave** toward **G Wash Bridge** | 72 ft |
| 9. | Keep **right** at the fork to continue toward **I-95 S** and merge onto **I-95 S** | 2.6 mi / 4 mins |
| 10. | Continue on **Bruckner Expy/I-278 W** (signs for **Bruckner Expy/I-278 W/Triboro Bridge**) | 2.9 mi / 4 mins |
| 11. | Take the exit onto **Bruckner Expy/I-278 W** | 1.8 mi / 3 mins |
| 12. | Take the exit onto **I-278 W** toward **Queens/Triboro Bridge/Manhattan** | 0.7 mi / 1 min |
| 13. | Take the exit toward **Randalls-Wards Is/FDR Dr/Manhattan** | 0.2 mi |
| 14. | Merge onto **Triborough Bridge** <br> Partial toll road | 0.4 mi / 1 min |
| 15. | Take the ramp onto **FDR Dr S** | 8.3 mi / 13 mins |
| 16. | Take exit **2** for **Brooklyn Bridge** toward **Manhattan Civic Center** | 338 ft |
| 17. | Keep **right** at the fork, follow signs for **Civic Center** and merge onto **Robert F Wagner SR Pl** | 0.2 mi |
| 18. | Turn **right** at **Pearl St** | 322 ft |
| 19. | Continue on **St James Pl** | 0.2 mi |
| 20. | Turn **left** to stay on **St James Pl** | 125 ft |
| 21. | Continue on **Worth St** | 0.1 mi / 1 min |

**Start**



**End**



Map data ©2008 NAVTEQ™, Sanborn



**500 Pearl St**
**New York, NY 10007**

These directions are for planning purposes only. You may find that construction projects, traffic, or other events may cause road conditions to differ from the map results.

Map data ©2008 NAVTEQ™, Sanborn

Miller Aff. Ex. 1-2

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| **ILLINOIS NORTHERN** | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 8,422 | 8,093 | 9,056 | 10,584 | 11,126 | 11,135 | | |
| | Terminations | 7,929 | 8,255 | 8,805 | 11,461 | 10,888 | 10,709 | | |
| | Pending | 8,091 | 7,711 | 7,914 | 7,706 | 8,699 | 8,587 | | |
| | % Change in Total Filings — Over Last Year | 4.1 | | | | | | 27 | 2 |
| | % Change in Total Filings — Over Earlier Years | | -7.0 | -20.4 | -24.3 | -24.4 | | 81 | 6 |
| Number of Judgeships | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| Vacant Judgeship Months** | | 15.8 | 5.7 | 12.0 | 9.6 | 22.1 | 17.8 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 382 | 367 | 412 | 481 | 505 | 506 | 62 | 4 |
| | FILINGS — Civil | 346 | 330 | 369 | 437 | 461 | 459 | 36 | 3 |
| | FILINGS — Criminal Felony | 24 | 26 | 34 | 32 | 38 | 39 | 93 | 7 |
| | FILINGS — Supervised Release Hearings** | 12 | 11 | 9 | 12 | 6 | 8 | 77 | 6 |
| | Pending Cases | 368 | 351 | 360 | 350 | 395 | 390 | 48 | 3 |
| | Weighted Filings** | 462 | 443 | 485 | 512 | 526 | 525 | 39 | 3 |
| | Terminations | 360 | 375 | 400 | 521 | 495 | 487 | 66 | 5 |
| | Trials Completed | 11 | 11 | 13 | 12 | 12 | 14 | 86 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 14.7 | 13.9 | 12.9 | 10.3 | 9.9 | 10.3 | 90 | 7 |
| | From Filing to Disposition — Civil** | 6.2 | 6.5 | 6.9 | 5.9 | 5.5 | 5.5 | 7 | 2 |
| | From Filing to Trial** (Civil Only) | 29.7 | 26.4 | 27.0 | 28.4 | 26.0 | 26.0 | 65 | 5 |
| OTHER | Civil Cases Over 3 Years Old** — Number | 456 | 500 | 388 | 337 | 442 | 461 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 6.5 | 7.4 | 5.6 | 5.0 | 5.6 | 6.0 | 65 | 6 |
| | Average Number of Felony Defendants Filed Per Case | 1.7 | 1.8 | 1.9 | 1.9 | 1.7 | 1.7 | | |
| | Jurors — Avg. Present for Jury Selection | 45.20 | 45.07 | 51.46 | 39.36 | 45.57 | 43.63 | | |

Miller Aff. Ex. 2-1

| | | Percent Not Selected or Challenged | 31.8 | 30.9 | 36.9 | 31.0 | 37.3 | 34.8 | | |
|---|---|---|---|---|---|---|---|---|---|---|

### 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE

| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 7620 | 118 | 150 | 701 | 53 | 55 | 1504 | 902 | 563 | 428 | 1614 | 23 | 1509 |
| Criminal* | 527 | 1 | 152 | 59 | 43 | 107 | 80 | 13 | 6 | 17 | 11 | 11 | 27 |

\*   Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

Miller Aff. Ex. 2-2

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

|  | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|
| **NEW YORK SOUTHERN** | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS — Filings* | 17,699 | 12,201 | 12,945 | 12,422 | 12,321 | 13,937 | | |
| Terminations | 12,418 | 11,339 | 11,346 | 11,471 | 10,780 | 12,618 | | |
| Pending | 24,791 | 20,047 | 19,302 | 17,638 | 17,275 | 16,198 | | |
| % Change in Total Filings — Over Last Year | 45.1 | | | | | | 4 | 1 |
| % Change in Total Filings — Over Earlier Years | | 36.7 | 42.5 | 43.6 | 27.0 | | 5 | 1 |
| Number of Judgeships | 28 | 28 | 28 | 28 | 28 | 28 | | |
| Vacant Judgeship Months** | 19.1 | 2.0 | 6.3 | 8.8 | 33.3 | 15.8 | | |
| ACTIONS PER JUDGESHIP — FILINGS — Total | 632 | 435 | 462 | 444 | 441 | 498 | 10 | 1 |
| Civil | 576 | 385 | 409 | 388 | 381 | 441 | 7 | 1 |
| Criminal Felony | 35 | 34 | 40 | 44 | 47 | 48 | 83 | 5 |
| Supervised Release Hearings** | 21 | 16 | 13 | 12 | 13 | 9 | 52 | 4 |
| Pending Cases | 885 | 716 | 689 | 630 | 617 | 579 | 6 | 1 |
| Weighted Filings** | 664 | 501 | 551 | 527 | 513 | 539 | 6 | 1 |
| Terminations | 444 | 405 | 405 | 410 | 385 | 451 | 42 | 3 |
| Trials Completed | 12 | 13 | 15 | 16 | 17 | 15 | 79 | 4 |
| MEDIAN TIMES (months) — From Filing to Disposition — Criminal Felony | 18.5 | 16.7 | 14.5 | 11.9 | 11.8 | 13.3 | 93 | 6 |
| From Filing to Disposition — Civil** | 9.8 | 8.3 | 8.8 | 8.1 | 8.4 | 8.3 | 57 | 2 |
| From Filing to Trial** (Civil Only) | 25.6 | 25.7 | 22.0 | 26.8 | 22.6 | 23.0 | 49 | 2 |
| OTHER — Civil Cases Over 3 Years Old** — Number | 2,430 | 3,107 | 2,652 | 1,656 | 1,312 | 1,230 | | |
| Civil Cases Over 3 Years Old** — Percentage | 11.3 | 18.4 | 16.7 | 11.6 | 9.2 | 9.2 | 85 | 4 |
| Average Number of Felony Defendants Filed Per Case | 1.5 | 1.7 | 1.9 | 1.7 | 1.5 | 1.5 | | |

Miller Aff. Ex. 2-3

| | | Avg. Present for Jury Selection | 96.21 | 96.33 | 99.86 | 88.01 | 82.96 | 83.28 | | |
| | Jurors | | | | | | | | | |
| | | Percent Not Selected or Challenged | 39.8 | 60.4 | 62.0 | 53.1 | 54.8 | 61.9 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 16125 | 270 | 628 | 1335 | 71 | 42 | 902 | 2365 | 7023 | 768 | 1454 | 59 | 1208 |
| Criminal* | 968 | 1 | 264 | 116 | 86 | 251 | 22 | 37 | 14 | 65 | 28 | 22 | 62 |

\*   Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

Miller Aff. Ex. 2-4